UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMEL WASHINGTON, individually and on behalf of all other persons similarly situated, | ) ) ) ) |
| *Plaintiff,* | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SILVERLEAF RESORTS, INC., | ) ) |
| *Defendant.* | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

The plaintiff, Lamel Washington, on behalf of himself and a class of all those similarly situated, hereby presents this Collective and Class Action Complaint against defendant Silverleaf Resorts, Inc. for (a) its failure to pay overtime (one and one-half times the regular hourly rate) for all hours worked in excess of forty per work week by Sales Representatives in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105 *et seq.*; and (b) its practice of automatically deducting meal breaks from Sales Representatives' pay without regard for whether they took such breaks and without a provision for allowing them to opt out of the deduction, also in violation of the FLSA and the IMWL.

## THE PARTIES

1. Defendant Silverleaf Resorts, Inc. ("Silverleaf") is a Texas corporation that regularly does business in the state of Illinois. Silverleaf is in the business of developing, marketing, selling, and operating vacation timeshares.

2. Silverleaf has 13 timeshare properties throughout the U.S., including one in Fox River, Illinois. Silverleaf also maintains business offices throughout the state of Illinois.

3. The plaintiff, Lamel Washington, is a resident of Chicago, IL. He worked for Silverleaf as a Sales Representative from July 2011 until May 2012.

4. Each member of the putative class worked as a Sales Representative (or some similar title) for Silverleaf within three years of the filing of this Complaint.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

6. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (a) there are 100 or more members of the proposed class; (b) at least some of the members of the proposed class have a different citizenship than the defendant; and (c) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

8. The Northern District of Illinois has personal jurisdiction over the defendant because it does business in Illinois and maintain offices in this District, including, but not limited to, Lombard, IL and Schaumburg, IL.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the defendant resides in this district, under the definition set forth in 28 U.S.C. § 1391(c), and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

10. Mr. Washington and the putative class members are/were employed by Silverleaf as Sales Representatives.

11. They are assigned by Silverleaf to work in kiosks set up by Silverleaf in specific locations (like malls, amusement parks, and other places where potential customers can be found).

12. Their duties include booking appointments with potential buyers of timeshares to visit the timeshare locations.

13. Mr. Washington and the putative class members were paid an hourly rate ($10.00 per hour for Mr. Washington) and a commission for each person who attended a presentation and each person who bought a timeshare and made the first payment.

14. Mr. Washington and the putative class members regularly worked more than 40 hours per week but were not paid overtime on those hours over 40 as required by the FLSA and the IMWL.

15. Mr. Washington and the putative class members were prohibited by Silverleaf management from reporting hours that they worked in excess of 40 per week on their timesheets.

16. For a portion of the class period, Sales Representatives kept track of their time by writing their hours on timesheets. For a later portion of the class period, Sales Representatives logged their hours on a smartphone app.

17. Silverleaf managers told Mr. Washington and the putative class members not to record their hours over 40 and that they would not be paid for any time worked over 40 hours per week.

18. If Sales Representatives did record hours in excess of 40, they were told to change their time records and re-submit them, or management changed the time records.

19. After the smartphone app was implemented, managers had access to and changed Sales Representatives' hours to eliminate all hours over 40 per week.

20. Silverleaf automatically deducted a half-hour meal break from each Sales Representative who worked at least 6 hours in a given day, and a one-hour meal break from each Sales Representative who worked at least 8 hours, regardless of whether that Sales Representative actually took a meal break at all or took a break of that duration.

21. Mr. Washington and the putative class members regularly took no meal breaks or very short meal breaks.

22. Silverleaf had no procedure by which Sales Representatives could override these automatic deductions for meal breaks or report that they did not take meal breaks (or took shorter meal breaks).

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.*
### Individually and on behalf of the putative class

23. The plaintiff realleges each of the paragraphs set forth above.

24. Mr. Washington brings Count I of this action pursuant to 29 U.S.C. 216(b)'s collective action provisions on behalf of himself and all persons who were, are or will be employed by Silverleaf within three years of the date of this Complaint as Sales Representatives (and/or other individuals who perform similar work). This group is hereinafter referred to as the "FLSA opt-in class."

25. On information and belief, the putative class members nationwide number in at least the several hundreds and probably in excess of 1,000. As such, a collective action is the most efficient mechanism for resolving the claims of the FLSA opt-in class.

26. With respect to unpaid overtime, the members of the FLSA opt-in class are similarly situated because they all perform the same basic duties as Sales Representatives and they are all subject to Silverleaf's policy of refusing to pay overtime for hours worked in excess of 40 per week.

5

27. With respect to meal breaks, the members of the FLSA opt-in class are similarly situated because they all perform the same basic duties as Sales Representatives and they are all subject to Silverleaf's policy of automatically deducting meal breaks without regard for whether breaks were taken or for how long.

28. Mr. Washington and the putative class members are/were "employees" for the purposes of 29 U.S.C. § 203(e).

29. Silverleaf is/was an "employer" of Mr. Washington and the putative class members for the purposes of 29 U.S.C. § 203(d).

30. Mr. Washington and the putative class members are/were not "outside salespeople" for the purposes of 29 U.S.C. § 213(a)(1) because they are/were assigned to work at fixed sites by Silverleaf and are/were not "customarily and regularly engaged away from the employer's place or places of business."

31. Mr. Washington and the putative class members are/were not exempt from the FLSA's overtime provisions for any other reason.

32. Silverleaf is/was aware of the duties performed by Mr. Washington and the putative class members, that they were not exempt from the FLSA's overtime provisions, and that it had an obligation to pay them overtime for hours worked over 40 and to provide a procedure for them to override the automatic meal-break deduction.

33. The FLSA requires every covered employer, including Silverleaf, to compensate all nonexempt employees at a rate of not less than one and one-half

times the regular rate of pay for work performed in excess of 40 hours per workweek, to otherwise pay for all hours worked, and to provide a procedure for employees to override any automatic deductions for meal breaks that were not taken or were partially-taken.

34. Mr. Washington and the putative class members are/were regularly uncompensated for hours that they actually worked due to Silverleaf's policies.

35. As such, Silverleaf violated the FLSA in its failure to pay Mr. Washington and the members of the FLSA opt-in class the required compensation for hours worked.

36. Further, by failing to record, report and/or preserve records of the actual hours worked by the plaintiff and the FLSA opt-in class members, and/or by requiring Sales Representatives to alter their time records and/or altering the records itself, Silverleaf has failed to make, keep and preserve records sufficient to determine these employees' wages, hours and other conditions of employment, in violation of the FLSA.

37. Silverleaf's violation of the FLSA is willful, repeated and intentional.

38. Mr. Washington and the putative class members are/were harmed by Silverleaf's actions.

39. By the filing of this Collective and Class Action Complaint, Mr. Washington hereby gives his consent to sue under the FLSA, 29 U.S.C. § 216(b). It is anticipated that upon notice, or otherwise, additional similarly-situated individuals will sign Consent to Sue forms and join as plaintiffs in the future.

40. The class should be conditionally certified and notice should be promptly provided to the FLSA opt-in class as provided by the above section.

41. The names and addresses and, if possible, email addresses of the FLSA opt-in class members should be made available from Silverleaf's employment records and notice should be made by First Class Mail, email, and posting in the offices in which the class members work as soon as feasible.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Lamel Washington, on behalf of himself and the FLSA opt-in class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA opt-in class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b);

B. Designation of the plaintiff, Lamel Washington, as the representative of the FLSA opt-in class;

C. A declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the FLSA;

D. An award of compensatory and statutory damages, including liquidated damages;

E. Costs of the action incurred, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Pre- and post-judgment interest; and

H. All other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## SECOND CLAIM FOR RELIEF
### ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105 *et seq.*
### Individually and on behalf of the putative class

42. The plaintiff realleges each of the paragraphs set forth above.

43. Mr. Washington brings Count II of this action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a putative class of Silverleaf employees employed in Illinois within three years of the date of this Complaint who were denied overtime pay or pay for unused meal breaks in violation of the Illinois Minimum Wage Law, 820 ILCS 105 *et seq*. This group is hereinafter referred to as the "Rule 23 class."

44. The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

45. The IMWL further requires that employers pay employees for all hours worked.

46. The IMWL further provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments

9

together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

47. Mr. Washington and the putative class members are/were "employees" for the purposes of 820 ILCS 105/3(d).

48. Silverleaf is/was an "employer" for the purposes of 820 ILCS 105/3(c).

49. Mr. Washington and the putative class members are/were not "outside salesmen" for the purposes of 820 ILCS 105/3(d)(4) because they are/were assigned to work fixed sites by Silverleaf.

50. Mr. Washington and the putative class members are not exempt from the IMWL for any other reason.

51. Mr. Washington and the putative class members are/were regularly uncompensated for hours that they actually worked due to Silverleaf's policies.

52. Silverleaf is/was aware of the duties performed by Mr. Washington and the putative class members, that they were not exempt from the IMWL's overtime provisions, and that it had an obligation to pay them overtime for hours worked over 40 and to provide a procedure for them to override the automatic meal-break deduction.

53. As such, Silverleaf violated the IMWL in its failure to pay Mr. Washington and the members of the Rule 23 class the required compensation for

hours worked. Silverleaf's violation of the IMWL is/was willful, repeated and intentional.

54. Mr. Washington and the putative class members are/were harmed by Silverleaf's actions.

55. The Rule 23 class is so numerous that joinder of all members if impracticable. On information and belief, the class numbers in the hundreds.

56. There are questions of law or fact common to the class, including, but not limited to, whether Silverleaf failed and continues to fail to pay overtime for hours worked in excess of 40 per week and whether Silverleaf automatically deducted meal breaks without providing employees with a method of being paid for breaks that were not taken.

57. Mr. Washington's claims or defenses are typical of the claims or defenses of the Rule 23 class. He, like the other Rule 23 class members, was subject to Silverleaf's policy of failing to pay overtime for hours worked in excess of 40 per week and automatically deducting meal breaks without regard for accuracy.

58. Mr. Washington will fairly and adequately protect the interests of the Rule 23 class. He has retained counsel competent and experienced in complex class actions and the types of claims alleged herein.

59. Class certification may appropriate under F.R.C.P. 23(b)1) because prosecuting separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the defendant;

11

or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

60. Class certification may also be appropriate under F.R.C.P. 23(b)(2) because the defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

61. Class certification is appropriate under F.R.C.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only the plaintiff, and because a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Lamel Washington, on behalf of himself and the Rule 23 class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 under the appropriate section(s) on behalf of the Rule 23 class.

B. Designation of the plaintiff, Lamel Washington, as the representative of the Rule 23 class;

C. A declaratory judgment that the practices that form this complaint are unlawful under the IMWL;

E. All underpayments due to the Rule 23 class;

F. Damages in the amount of 2% of the amount of such underpayments for each month that they were not paid;

H. Costs of the action incurred, including expert fees;

I. Attorneys' fees;

J. Pre and post-judgment interest; and

K. All other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues raised in the foregoing Collective and Class Action Complaint for which a jury trial is available.

Respectfully submitted,

/s/ Jamie S. Franklin

Jamie S. Franklin
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Suite 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Electronically filed on May 21, 2014